UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 21-11857-FDS |
| JOHN P. GIBBONS, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON THE GOVERNMENT'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**SAYLOR, C.J.**

This is a suit to enforce federal tax liens against real property. That property—originally purchased by defendant John Gibbons—is now titled in the name of a trust of which he recently became the sole beneficiary after his brother, former defendant James Gibbons, disclaimed his beneficial interest.

The government has moved for judgment on the pleadings, contending that the trust has collapsed and seeking to enforce its tax liens against the property held by the trust to satisfy John Gibbons's tax liabilities. For the following reasons, the government's motion will be granted.

**I.   Background**

The facts are set forth as alleged in the pleadings.[1]

**A.   Factual Background**

In 2008, John Gibbons purchased real property located at 79 Ledgewood Road in

---

[1] For purposes of this motion, the Court does not consider the IRS account transcripts submitted as a government exhibit. (*See* Docket No. 50, Ex. 3).

Dedham, Massachusetts.  (Third Amended Complaint ("TAC") ¶ 7).  The following year, he granted the property by quitclaim deed to defendant Diane Jeffers, trustee of the 79 Ledgewood Road Realty Trust.  (*Id.*).  The purported property transfer took place the same day that the trust was established.  (*See id.*; Docket No. 50, Ex. 1 ("Declaration of Trust") at 5).

At its inception, John Gibbons and his brother James Gibbons each maintained a 50 percent beneficial interest in the trust.  (Docket No. 50, Ex. 2 ("Schedule of Beneficiaries")).  Under the terms of the trust, the trustee is permitted to act only as "authorized, empowered and directed by the Beneficiaries."  (*See* Declaration of Trust ¶ 2.2).  Upon termination of the trust, the trustee is directed to convey the estate "to the Beneficiaries as tenants in common in proportion to their respective interests."  (*Id.* ¶ 5.2).

In 2010, John Gibbons petitioned the United States Tax Court to determine his underreporting of federal income taxes for 2006 and 2007.  (TAC ¶ 35(c)).  In 2011, the Tax Court entered a stipulated decision, which resulted in federal tax liens pursuant to 26 U.S.C. §§ 6321 and 6322.  (*See* TAC ¶ 36; *John Gibbons v. Commissioner*, No. 18613-10 (T.C. Sept. 27, 2011)).[2]

### B.  Procedural History

The United States filed its initial complaint on November 16, 2021, and thereafter amended the complaint multiple times.  (*See* Docket Nos. 1, 23, 30).

As relevant here, on July 27, 2022, the government and James Gibbons jointly filed a stipulated motion, which the Court granted, seeking to remove him as a defendant and to permit the government to file a third amended complaint to reflect his removal.  James Gibbons stipulated that "now, he is claiming no interest, and will not later claim any interest in the

---

[2] The Court takes judicial notice of the docket activity in the Tax Court proceeding.

Property, and therefore he expressly disclaims any interest in the Property." (Stipulation ¶ 7). He further stipulated that "he is now disclaiming his interest as a purported beneficiary of the 79 Ledgewood Road Realty Trust and will not later claim any ownership interest in the Property of the 79 Ledgewood Road Realty Trust, as a lien holder, beneficiary or otherwise." (*Id.* ¶ 10).

On August 5, 2022, the government filed its third amended complaint, which reflected the removal of James Gibbons as a defendant. (Docket No. 47). According to the stipulation, that complaint did "not add any new theories, claims, or allegations but rather simply remove[d] a party." (Stipulation ¶ 17).

The government thereafter filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking a ruling that it may enforce its tax liens against the property held by the trust.

## II.     Legal Standard

"The standard for evaluating a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is essentially the same as that for deciding a Rule 12(b)(6) motion." *Mongeau v. City of Marlborough*, 462 F. Supp. 2d 144, 148 (D. Mass. 2006) (citing *Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir. 2005)). After viewing the facts contained in the pleadings in the light most favorable to the non-movant and drawing all reasonable inferences therefrom in their favor, judgment is appropriate "if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006).

## III.     Analysis

The United States may impose a tax lien "upon all property and rights to property" of a person who fails to pay federal taxes. 26 U.S.C. § 6321. It may enforce a tax lien by suit seeking to subject any property of the delinquent taxpayer "in which he has any right, title, or

interest, to the payment of such tax." *Id.* § 7403(a). "[F]ederal tax liens attach to property acquired by the delinquent taxpayer at 'any time during the life of the lien.'" *Hannon v. City of Newton*, 744 F.3d 759, 765 (1st Cir. 2014) (quoting *Glass City Bank of Jeanette v. United States*, 326 U.S. 265, 268 (1945)).

"[U]nder the federal tax lien statute, state law determines what interest a taxpayer possesses with respect to property . . . [b]ut federal law determines *whether* that state-law-created interest constitutes 'property' or 'rights to property' under the federal lien statute." *United States v. Murray*, 217 F.3d 59, 63 (1st Cir. 2000) (emphasis in original) (citation omitted). In other words, the "bundle of rights" that defendant has in relation to the property depends on Massachusetts law, but "federal law determines whether this interest rises to the level of 'property' or 'rights to property' for purposes of the federal tax lien statute." *See id.*

Defendant has an interest in the property under Massachusetts law. When a "settlor retains dominion" over property that is "at least as great as a power of appointment," that property is "considered part of his assets." *State St. Bank & Tr. Co. v. Reiser*, 7 Mass. App. Ct. 633, 637 (1979). Here, defendant deeded the property to a trust. (TAC ¶ 7). He is currently the sole beneficiary of that trust and maintains total control over the trustee's actions. (*See* Stipulation ¶ 10; Declaration of Trust ¶ 2.2). Thus, the trust instrument gives defendant "such extensive powers over the trust property that it [is] in effect [his] own under Massachusetts law." *See Markham v. Fay*, 74 F.3d 1347, 1356 (1st Cir. 1996).

Because defendant enjoys complete control over the trust while also being "the sole beneficiary, the legal title and equitable interest . . . merge and thereby terminate the trust." *See id.* at 1357; *see also O'Brien v. Commissioner*, 86 T.C.M. (CCH) 461, at *7 (T.C. 2003) (holding that when "a beneficiary can force a trustee to act . . . the beneficiary has an interest in property

4

subject to [f]ederal tax lien[s]"). Accordingly, under federal law, the government can enforce its tax liens against the property and seek its entire value. *See Markham*, 74 F.3d at 1364 (explaining that where a person creates a trust for his own benefit, his "creditors can reach the maximum amount which the trustee under the terms of the trust could pay to [him]"); *Murray*, 217 F.3d at 65 ("It is against public policy to permit a man to tie up his own property in such a way that he can still enjoy it but can prevent his creditors from reaching it.").

Defendant, however, contends that the trust should not collapse because James Gibbons was a valid beneficiary of the trust from its inception in 2009 until he disclaimed his interest in 2022. That argument is inapposite. The degree to which the government can reach the property held in defendant's self-settled trust turns on his present interest in the trust, regardless of the existence of other beneficiaries at some earlier moment in time. *See Murray*, 217 F.3d at 65 (holding that debtor-beneficiary's present "interest in income and corpus [of a trust] constitutes property for purposes of the federal tax lien statute, even if" he could have been divested of his interest in the past). Because defendant is the only current beneficiary of the trust, and he has total control over the trustee's actions, the trust has collapsed, and the government can reach the property.

Defendant further argues that the issue of whether the trust collapsed is inappropriate for the court to consider, as it is barred by the joint stipulation stating that the removal of James Gibbons would "not add any new theories" to the complaint. (*See* Stipulation ¶ 17). However, no new theory has been added. The tax-lien enforcement count has remained unchanged since the initial complaint was filed in 2021. It is not the government's theory that has changed, but simply the relevant facts—specifically, that James Gibbons has disclaimed his interest in the trust, leaving defendant as the sole remaining beneficiary.

Finally, defendant contends that numerous unresolved factual disputes remain that make resolution inappropriate. That is simply not true. The undisputed facts in the pleadings are sufficient to show that under Massachusetts law, defendant possesses an interest in the property held in trust, and that under federal law, the government can enforce its tax liens against that property to satisfy defendant's federal tax liabilities.

## IV.     Conclusion

For the foregoing reasons, the government's motion for partial judgment on the pleadings (Docket No. 49) is GRANTED.

**So Ordered.**

Dated: July 20, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court